Scott A. Weiss, Esq. (sw-0431)
Weiss & Weiss LLC
50 Main Street, 10th Floor
White Plains, New York 10606
(203) 254-2707
Scott@weissnweiss.com
***
David R. Ehrlich, Esq. (de-9786)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4518
dehrlich@staggwabnik.com

*Attorneys for Plaintiff*
*Belinda Barbieri, on behalf of herself*
*and others similarly situated*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BELINDA BARBIERI, *on behalf of herself and others similarly situated*,

                         Plaintiff,

                -against-

LEGG MASON, INC., LEGG MASON & CO., LLC, FRANKLIN RESOURCES, INC. d/b/a FRANKLIN TEMPLETON, *its successor in interest,*

                        Defendants.

-----------------------------------------------------------------X

Docket No.: 21-cv-5231

**COLLECTIVE
ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff BELINDA BARBIERI ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as other matters, by and through the undersigned attorneys, as and for this Collective Action Complaint, complains of the Defendants ("Defendants") and alleges as follows:

## INTRODUCTION

1.    Plaintiff and others similarly situated bring this within Action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1000 et. seq. (2020), to recover benefits and other damages based on Defendants' misclassification of her and others similarly situated as temporary employees when in fact Plaintiff and the others who are similarly situated were full-time permanent employees.

2.    As a result of Defendants' improper and unlawful misclassification, Defendants illegally deprived, and refused to permit, Plaintiff and others similarly situated to participate in and be eligible for several of Defendants' employer sponsored benefit plans, which are employee benefit plans under ERISA, 29 U.S.C. § 1002 (2020) *et seq*. ("Employer Benefit Plans").  The Employer Benefit Plans include, but are not limited to, health benefit plan, 401k plan, Employee Stock Option Plan and Severance Benefits Plan.

3.    Because Plaintiff and other similarly situated misclassified employees were not permitted to participate in the Employer Benefit Plans and were determined to be ineligible for participation in those Plans, they were improperly deprived of all of the benefits under the Plans in violation of 29 U.S.C. § 1132.

4.    Defendants also maintained policies, most of which were included in Defendants' employee handbook, that provided benefits to full-time permanent employees, such as paid holiday and vacation leave, paid time off, 401(k) Plan, Employee Stock Option Plan, Annual Bonuses, Retention and Upon Sale Retention Bonus, Severance and Severance Stub Payment, Merit Increases, Outplacement Services and Working Remotely Bonus.

5.    Because Plaintiff and other similarly situated employees were full-time permanent employees, they were entitled to such benefits and earned those benefits through their work.

Defendants failed to provide Plaintiff and other similarly situated employees the benefits, pay, and wages to which they were entitled and which were earned because Defendants misclassified Plaintiff and other similarly situated employees as temporary employees, instead of full-time permanent employees. Defendants' failure to pay Plaintiff and other similarly situated employees the benefits they earned as full-time permanent employees violates Conn. Gen. Stat. §§ 31-72, 31-76k.

6.     Plaintiff and others similarly situated employees also bring this within action to collect overtime pay for Defendants' failure to provide them a meal break on each work day in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1)(2020) and Conn. Gen. Stat. § 31-72 (2020), including liquidated damages and double wages under state law, interest and attorneys' fees and costs for Defendants' willful failure to pay.

7.     Upon Plaintiff's involuntary separation on or about August 2020, Defendants failed to pay to Plaintiff all overtime wages due and the value in the form of wages of all fringe benefits she should have earned, to which she was entitled, and which would have been payable upon her separation, but for Defendants' wrongful misclassification of Plaintiff as a temporary employee, thereby violating Conn. Stat. Gen. 31-76k (2020).

8.     Plaintiff also seeks damages and equitable and such other relief as the Court deems appropriate pursuant to ERISA, 29 U.S.C. § 1132 (2020).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

10.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b) and ERISA, 29 U.S.C. § 1132(a) and (c).

11.    This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants maintain their principal place of business in the District.

## PARTIES

*Plaintiff*

13.    Plaintiff BELINDA BARBIERI is an adult who resides in Fairfield County, Connecticut.

14.    Plaintiff was a covered employee within the meaning of the ERISA, FLSA and Connecticut General Statutes, Chapter 558 (Wages) §§ 31-58 et seq.

15.    Plaintiff has retained the undersigned attorneys to represent her in this action and has agreed to pay the firm a reasonable fee for its services.

*Defendants*

16.    Defendant Legg Mason, Inc. is a Delaware corporation headquartered in Baltimore Maryland with a principal place of business within the state of New York at 620 8th Avenue, Suite 49, New York New York 10018.

17.    Defendant Legg Mason & Co., LLC, an affiliate of Defendant Legg Mason, Inc., is a Maryland Limited Liability Company headquartered in Baltimore Maryland with a principal place of business within the state of New York at 620 8th Avenue, Suite 49, New York New York 10018.

18.    Defendant Franklin Resources, Inc., is a Delaware corporation that is doing business as Franklin Templeton and is headquartered in San Matteo, California with a principal place

of business within the State of New York at Fiduciary Trust Company International, 280 Park Avenue, New York, NY 10017.

19.     At all relevant times, Defendant Legg Mason, Inc., its affiliate Defendant Legg Mason & Co., LLC (collectively "Legg Mason Defendants" or "LM") and its successor Defendant Franklin Resources, Inc. had an annual dollar volume of sales and assets under management in excess of $500,000.

20.     Defendants are covered employers within the meaning of ERISA, the FSLA, and Connecticut State Wage Law.

21.     At all relevant times, Defendants maintained, controlled, had oversight, and direction over Plaintiff and similarly situated employees, including, but <u>not</u> limited to, hiring, firing, discipline, timekeeping, payroll and other terms or conditions and employment practices.

22.     Defendants applied the same employment policies, practices and procedures to all similarly situated employees.

23.     Defendants are the payors of all wages paid to plaintiff and others who were similarly situated employees and as a result of a merger between Defendant Legg Mason, Inc., including its affiliate Legg Mason & Co., LLC, and Franklin Resources, Inc. its successor, and is responsible and manages Legg Mason Defendants in which time such operations of all Defendants were merged into Defendant Franklin Resources, Inc.

24.     Defendants are employers pursuant to the FLSA, 29 U.S.C. § 203(d)(2020).

## **STATEMENT OF FACTS**

*Plaintiff's Job*

25.     On February 22, 2017, Defendant LM hired Plaintiff to work with the Product Marketing team in Global Marketing.  She worked in Defendants' Offices in Stamford, Connecticut.

26.    Defendants paid Plaintiff an hourly rate of $85.00, and an overtime rate of $127.50 per hour. Plaintiff was a non-exempt employee pursuant to the FLSA, 29 U.S.C. § 201 (2020) *et seq.*; 29 U.S.C. § 203(e)(1) (2020).

27.    Defendants classified Plaintiff as a temporary employee.  However, Plaintiff worked continuously for Defendants from February 22, 2017 until her discharge in August 2020. At no time during that three and one-half year period was there a gap in Plaintiff's employment.

28.    Plaintiff did not just work on an isolated or specified project during her three and one-half years working for Defendants, but was fully integrated into the Product Marketing team, performing tasks as a full-time permanent employee.

29.    Plaintiff worked on many different projects simultaneously, interacted with many different clients, performed administrative tasks, and did everything a full-time permanent employee on the Product Marketing team did.

30.    Specifically, Plaintiff was responsible for launching new Exchange Traded Fund ("ETF") products, which required that she work with several of Defendants' teams, such as the Product Team, Sales Team, Legal and Compliance, and Global Content and Finance.  Plaintiff was also responsible for the marking of ETF products that were previously launched.  To perform these functions, Plaintiff was engaged in traditional marketing, creating materials for potential customers, such as fact sheets, product profiles and investor guides, email campaigns, digital and social media marketing, conducting webinars, planning events, among many other tasks and responsibilities.  Plaintiff, who was later labeled "Project Manager," worked on highly confidential matters and conducted reporting for the Chief Marketing Officer.

31.    Plaintiff was assigned tasks not usually given to temporary employees such as approving and administrating Consultants' Invoices and Expenses who performed services for Defendants.

32.    Plaintiff was also assigned to important and confidential tasks including compiling confidential organizational information for Defendants' Marketing, Human Resources and Sales Departments, the Board of Directors, and Defendants' Affiliates, tasks typically assigned to permanent full-time employees.

33.    Defendants' officers and managers considered Plaintiff a full-time permanent employee and explicitly told her that she was a full-time permanent employee.  In fact, Defendants' officers and managers promised her that they would correct Defendants' improper misclassification as a temporary employee but failed to do so.

34.    Besides having no gap in her employment during her three and one-half years with Defendants, being fully integrated into the workflow of the Products Marketing Team and being told by Defendants' officers and managers that she was a full-time permanent employee, Defendants treated Plaintiff as a full-time permanent employee.

35.    Defendants subjected Plaintiff and similarly situated employees to all of the policies and procedures that governed full time permanent employees.

36.    Plaintiff was expressly subject to Defendants' Employee Handbook and the Policies and Procedures like other full-time permanent employees.

37.    Plaintiff was instructed and did in fact log her time and expenses into Defendants' payroll system like full-time permanent employees, and unlike non-employees who submitted invoices and were not paid through payroll.

38.    Plaintiff was included on all employee communications including invitations, executive leadership programs, town halls, training sessions and on-line training courses.

39.    Plaintiff was given full access to the workplace including an employee badge.

40.    Plaintiff was assigned a permanent office space, received a nameplate, was given authority to order office supplies, was provided with a computer and access to company computer software, and was given a direct phone line and number, cubicle storage, and a company e-mail address.

41.    Defendants directly paid Plaintiff's her wages, and at the end of each year of her employment, Defendants did not issue a Form 1099 Misc,, but rather a form W-2 to report her wages.

42.    Defendants treated Plaintiff as a full-time employee, and there was no distinction between how Defendants treated Plaintiff and those employees considered permanent full-time employees, other than to deprive Plaintiff of the benefits of the Employee Benefit Plans and other employee benefits.

43.    Based on the above, Plaintiff was a full-time permanent employee who was misclassified as a temporary employee.

44.    Plaintiff is informed and believes that there are other similarly situated current and former employees who were also improperly misclassified as temporary employees, but are or were in fact full-time permanent employees like Plaintiff and entitled to all of the benefits of the Employer Benefit Plans and other employee benefits.

45.    On July 29, 2020, Plaintiff requested the same benefits as other full-time permanent employees, but Defendants' Human Resources Employee on August 14, 2020, denied Plaintiff's request on the basis of Defendants' purported classification of Plaintiff as a "temporary" employee.

Based on the misclassification of Plaintiff, Defendants determined that Plaintiff was not entitled to the benefits that full-time permanent employees were afforded under the Employer Benefit Plans or pursuant to Defendants other policies and practices.

*Defendants' Plans and Their Violation of ERISA*

46.    Defendants administered and sponsored numerous in house plans in which full-time permanent employees were eligible and permitted to participate.

47.    During the period Plaintiff was employed by Defendants and continuing to date, Defendants administered and sponsored a 401K Plan, an Employee Stock Purchase Plan, a Paid Time Off Policy, Vacation Leave Policy, and a Severance Plan and Benefits Program (collectively the "Employee Benefit Plans").

48.    Each of the Employee Benefit Plans are ERISA plans as Defendants (a) maintain these plans based upon a written document (although not legally required); (b)  have managerial discretion in the administration of benefits, (c) created an on-going scheme that is designed and intended to be an on-going commitment to employees and the employees perceive such plans to be an on-commitment to provide these employee benefits; and (d) were required to analyze and apply these criteria to employees separately.  ERISA, 29 U.S.C. § 1002 (2020).

49.    Full-time permanent employees, among other categories of employees, were eligi-ble to participate in, and receive the benefits from, all of the Employee Benefit Plans.

50.    Because Plaintiff was misclassified as a temporary employee, she was improperly and illegally denied the right to participate in those plans and receive the benefits of those plans.

51.    Defendants were both Plaintiff's employer and the administrator of the Employee Benefit Plans and maintain a conflict of interest when interpreting the language of the Plans to determine which employees are eligible to receive the benefits.

52. Defendants' determination that Plaintiff was a temporary employee and not eligible to participate in, and receive the benefits from, the Employee Benefit Plans was an abuse of discretion, arbitrary and capricious, and simply wrong in fact.

53. Defendants' actions of misclassifying Plaintiff and denying her from participating in, and receiving the benefits from, the Employee Benefit Plans violates 29 U.S.C. § 1132.

54. Defendants' misclassification of Plaintiff and refusal to allow her to participate in, and receive the benefits from, the Employee Benefit Plans was deliberate and willful designed to reduce costs to Defendants at the expense of Plaintiff. Such actions were a breach of Defendants' fiduciary duty to honestly and faithfully administrator the Employer Benefit Plans in violation of 29 U.S.C. § 1104.

_Defendant Franklin Resources, Inc. Acquisition and Merger of Defendant Legg Mason, Inc._

55. On or after April 16, 2020, Defendant Franklin Resources, Inc. acquired Defendant Legg Mason, Inc. for $50.00 per share (the "Merger").

56. Plaintiff is informed and believes that full-time permanent employees were either retained, or retained for a certain period of time and then separated or immediately separated.

57. Plaintiff is informed and believes that full-time permanent employees were provided severance benefits under Defendants' Severance Plan and additional separation and severance benefits ("Severance Plan") as a result of the Merger.

58. Because Defendants misclassified Plaintiff as a temporary employee instead of a full-time permanent employee, Plaintiff was deprived of the benefits and payments under the Severance Plan.

59. As a full-time permanent employee at the time the Severance Plan was executed, Plaintiff was entitled to and earn the benefits and payments under that Plan.

60.     Defendants' failure to provide Plaintiff with the benefits and payments under the Severance Plan was not only a breach of the Plan, but a violation of Conn. Gen. Stat. §§ 31-72 and 31-76k.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this action on behalf of herself and all similarly situated current and former employees employed by Defendants who were misclassified as temporary employees prior to the filing of this Collective Action Complaint ("Collective Members").

62.     At all relevant times, Plaintiff and the Collective Members are similarly situated in that they are or were full-time permanent employees who were misclassified as temporary employees and denied participation in, and benefits from, the Employer Benefit Plans.

63.     Plaintiff and the Collective Members worked continuously for Defendants for more than one year without gaps in their employment.

64.     Plaintiff and the Collective Members were not assigned to isolated or specific projects but were fully integrated into their respective departments and performed work just like the other full-time permanent employees.

65.     Plaintiff and the Collective Members were treated like full-time permanent employees, as they were subject to Defendants' policies and procedures, were involved in company events and trainings, and fully integrated into their respective departments.

66.     Plaintiff and the Collective Members all received their pay directly from Defendants and were provided with a W-2 tax form at the end of the year.

67.     Plaintiff and the Collective Members were deprived of participation in, and benefits from, the Employer Benefits Plans for the sole reason of being misclassified as temporary employees, when they were actually full-time permanent employees.

68.     All of the work Plaintiff and the Collective Members performed was and has been assigned by Defendant Legg Mason, Inc. and/or its successor Franklin Resources, Inc. and Defendants have been aware of all of the work Plaintiff and the Collective Members have performed.

69.      Defendants are aware or should have been aware that federal law prohibited Defendants from misclassifying Plaintiff and the Collective Members.

70.     Defendants, being both employer and administrator of the Employer Benefit Plans, have a conflict of interest when interpreting the language of the Plans and making determinations as to who is eligible under the Plans.

71.     Defendants' self-serving interpretations and decisions to deprive Plaintiff and the Collective Members participation in, and benefit from, the Employer Benefit Plans were an abuse of discretion, arbitrary and capricious.

72.     Plaintiff and the Collective Members were all subject to the same common policy of Defendants' misclassifying employees as temporary employees, instead of full-time permanent employees, which prevented Plaintiff and the Collective Members from participating in, and being eligible for the benefits of, the Employee Benefit Plans.

73.     For purposes of notice and other purposes related to this Collective Action, the names and contact information of the Collective Members are readily available from Defendants' records.

**Count I**

**As and For Declaration of
Violation of 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B))
for Misclassifying Plaintiff and the Collective Members as Temporary Employees**

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     The power to bring a civil action to recover benefits is applicable to Plaintiff and the Collective Members under ERISA because  Defendants  misclassified Plaintiff and the Collective Members, and based on that misclassification, deprived Plaintiff and the Collective Members the benefits to which they were entitled under the Employer Benefit Plans.

76.     Defendants maintained Employer Benefit Plans that are subject to ERISA.

77.     All full-time permanent employees, among other employees, were eligible to participate in those Plans and receive the benefits of those Plans.

78.     Plaintiff and the Collective Members were full-time permanent employees while employed by Defendants.

79.     Plaintiff and the Collective Members were participants and should have been participants under the Employer Benefit Plans and were entitled to the benefits under the Plans.

80.     By misclassifying Plaintiff and the Collective Members as temporary employees, Defendants deprived Plaintiff and the Collective Members of the benefits under the Employer Benefit Plans to which they were entitled.

81.     Defendants' misclassification of Plaintiff and the Collective Members was an abuse of discretion, arbitrary and capricious, and violates 29 U.S.C. 1132(a)(1)(B).

82.     As a result of Defendants' misclassification of Plaintiff and the Collective Members, Plaintiff and the Collective Members were damaged by being deprived participation in, and

benefit from, the Employer Benefit Plans--benefits to which they were entitled under the Employer Benefit Plans.

83.    Defendants' misclassification of Plaintiff and the Collective Members was willful and deliberate.

84.    Plaintiff and the Collective Members are entitled to a declaration pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) that they are full-time permanent employees entitled to benefits under the Employer Benefit Plans.

## Count II

### As and For a Claim for Benefits Under ERISA § 502(a)(1)

85.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.    ERISA 501(a)(1)(B) authorizes a beneficiary of a plan to recover benefits due under the plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under the plan.

87.    Defendants unlawfully misclassified Plaintiff and the Collective Members as temporary workers instead of full-time permanent employees entitled to benefits under the Employer Benefit Plans.

88.    Defendants' refusal to pay Plaintiff and the Collective Members the benefits they were entitled to under the Employer Benefit Plans was unlawful and in violation of ERISA.

89.    Defendants' misclassification of Plaintiff and the Collective Members was an abuse of discretion, arbitrary and capricious, and violates 29 U.S.C. 1132(a)(1)(B).

90.     Defendants' ERISA violations damaged Plaintiff and the Collective Members, including but not limited to all benefits due and owing had Defendants complied with their obligations under ERISA.

91.     Plaintiff and the Collective Members are entitled to damages in an amount to be determined at trial, including interest, attorneys' fees and costs.

### Count III

### As and For a Claim For Breach of Fiduciary Duty
### For Misclassifying of Plaintiff in Violation of ERISA § 502(a)(1)

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     Plaintiff is informed and believes that Defendants are functional fiduciaries of the Employer Benefit Plans subject to ERISA and they exercised their discretionary authority with respect to the management and decision-making of such Plans and had the fiduciary responsibility to administer the Plans.

94.     Defendants had a legal and fiduciary duty to Plaintiff and the Collective Members to administer their fiduciary responsibility in good faith.

95.     Defendants breached that fiduciary duty by improperly and unlawfully misclassifying Plaintiff and the Collective Members as temporary employees, instead of full-time permanent employees, thereby denying them benefits and eligibility to participate under the Plans.

96.     As a direct and proximate cause of Defendants' breach, Plaintiff and the Collective Members are entitled to damages in the present value of all benefits they would have received but for Defendants unlawful misclassification, including interest, attorneys' fees and costs as may be proven at trial.

**Count IV**

**As and For a Claim for Violation of the FLSA § 207(a)(1)
for Failure to Pay Overtime Wages for Meal Breaks**

97.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.    During Plaintiff's employment, and those similarly situated, Defendants failed to provide a meal break during the weekday of 30 minutes in which they were afforded time to have a meal and not perform any work and was relieved of performing any work.

99.    Defendants' failure to provide a meal break during the workday in violation of 29 C.F.R. 785.19.

100.    Defendants failed to pay overtime wages for compensable work that Plaintiff and others similarly situated performed during which they should have been afforded a meal break in violation of 29 U.S.C. § 207(a)(1)(2020).

101.    Defendants' failure to provide Plaintiff and others who were similarly situated with a meal break is willful and in reckless disregard to Plaintiff's rights and those who are similarly situated.

102.    As a direct and proximate cause thereof, Plaintiff and all others who are similarly situated are entitled to damages in the form of overtime wages and liquidated damages for Defendants' willful failure to pay overtime time wages, interest,  attorneys' fees and costs as may be proven at trial.

**Count V**

**As and For a Claim for Violation of**
**Conn. Gen. Stat. §§ 31-51ii and 31-60(a) and failure to**
**Pay Overtime Wages for Meal Breaks**

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Plaintiff, and those similarly situated employees, were employees of Defendants pursuant to Conn. Gen. Stat.§ 31-59(e) (2020).

105.    During Plaintiff's employment and those who are similarly situated, Defendants failed to provide a meal break during the weekday of 30 minutes in which they were afforded time to have a meal and not perform any work and was relieved of performing any work.

106.    Defendants' failure to provide a meal break during the workday in violation of Conn. Gen. Stat. § 31-51ii (2020).

107.    Defendants failed to pay overtime wages for compensable work that Plaintiff and those similarly situated performed during which they should had been afforded a meal break in violation of Conn. Gen. Stat. 60(a) (2020).

108.    Defendants' failure to provide Plaintiff and others who were similarly situated with a meal break is willful and in reckless disregard to Plaintiff's rights.

109.    As a direct and proximate cause thereof, Plaintiff and all others who are similarly situated are entitled to damages in the form of overtime wages and double damages for Defendants' willful failure to pay overtime time wages, plus interest, attorneys' fees and costs as may be proven at trial.

**Count VI**

**As and For a Claim for Wages and Other Fringe Benefits
Pursuant to Conn. Gen. Stat §§ 31-72 and 31-76k**

110.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    At all times material hereto, Defendants established and maintained various personnel policies and procedures to which Plaintiff and those similarly situated were subject.  Defendants also established policies related to the Merger (collectively, the "Policies"), including but not limited to, Policies related to (a) Paid Holidays, (b) 401(k) Plan, (c) Annual Bonuses, (d) Employee Stock Option Plan, (e) Retention, (f) Upon Sale Retention Bonus, (f) COBRA Reimbursement, (g) Severance (h) Severance Stub Payment, (i) Merit Increases, (j) Out Placement Services, and (k) Remote Working Bonus.

112.    Plaintiff was exceeding Defendants' reasonable expectations and frequently complemented on her job performance.

113.    When Defendants moved its operations to work remotely due to the Covid-19 Pandemic, Plaintiff also worked remotely.

114.    Plaintiff and the Collective Members were full-time permanent employees, and earned or otherwise were entitled to the wages, pay, and benefits of the Policies.

115.    Defendants misclassified Plaintiff and the Collective Members as temporary employees.

116.    Because Plaintiff and the Collective Members were misclassified as temporary employees when she and the Collective Members were in fact full-time permanent employees, she and the Collective Members were denied paid leave, fringe benefits, wages, including bonuses,

merit increases, reimbursements and other services which they had earned or to which they were entitled because of their work as full-time permanent employees.

117.    On or about August 2020, Defendants separated Plaintiff involuntarily and other Collective Members were also separated from Defendants involuntarily.

118.    Defendants failed to pay Plaintiff and the Collective Members, paid leave, fringe benefits, bonuses, merit increases, reimbursements and other services, which they had earned or to which they were otherwise entitled, in form of wages, both when they were earned and/or upon their separation, in violation of Conn. Gen. Stat. §§ 31-72, 31-76k (2020).

119.    Defendants' actions as herein pled were in bad faith and willful.

120.    As a direct and proximate cause thereof, Plaintiff and the Collective Members are entitled to damages for the wages, pay and benefits that they earned and to which they were entitled under the Policies, as well as attorneys' fees and costs.

### JURY DEMAND

121.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and Collective Members, respectfully requests that this Court grant the following relief:

A.    Enter an Order Declaring that Plaintiff and other similarly situated employees were and are full-time permanent employees and eligible to participate under the Defendants' Employer Benefit Plans, and are entitled to all wages, fringe benefits and other perks earned as a result of their work pursuant to Defendants' polices contained in the employee handbook and implemented by Defendants from the merger between the Defendants;

19

B.      Entering an Order Awarding damages for Defendants' violations of ERISA, 29 U.S.C. § 1132 (2020), for all benefits, pay, wages and other renumeration to which Plaintiff and the Collective Members were and are entitled to pursuant to the Employer Benefit Plans.

C.       Awarding unpaid overtime wages due under the FLSA, 29 U.S.C. 207(a)(1) (2020) and Conn. Gen. Stat. § 31-72 (2020);

D.      Awarding damages in the form of wages as value for fringe benefits and other benefits that Plaintiff and the Collective Members earned which Defendants failed to pay Plaintiff and the Collective Members in violation of Gen. Stat. §§ 31-72 and 31-76k (2020);

E.      Awarding liquidated damages pursuant to the FLSA and double damages and statutory civil penalties pursuant to Conn. Gen. Stat. 31-72 (2020) for Defendants' willful failure to pay overtime wage and other fringe benefits;

F.      Pre-judgment and post-judgment interest;

G.      Reasonable attorneys' fees and costs of this action under ERISA, the FLSA and Connecticut State Law;

H.      Entering a declaratory judgment that the practices complained of herein are unlawful under ERISA, the FLSA and Connecticut State law;

I.      Entering an injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

J.      Awarding such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
        June 11, 2021

                                    Respectfully submitted,

                            By:     /s/ David R. Ehrlich
                                    Stagg Wabnik Law Group LLP
                                    David R. Ehrlich (de-9786)
                                    401 Franklin Avenue, Suite 300
                                    Garden City, New York 11530
                                    (516) 812-4518
                                    dehrlich@staggwabnik.com

                            By:     /s/Scott A. Weiss
                                    Weiss & Weiss LLC
                                    Scott A. Weiss (sw-0431)
                                    50 Main Street, 10th Floor
                                    White Plains, New York 10606
                                    (203) 254-2707
                                    Scott@weissnweiss.com

                                    *Attorneys for Plaintiff*
                                    *Belinda Barbieri, on behalf of herself and others*
                                    *similarly situated*