

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

November 11, 2021

**VIA ECF**

Meaghan VerGow
D: +1 202 383 5504
mvergow@omm.com

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Barbieri v. Legg Mason, Inc., et al.*, Case No. 1:21-cv-05231 (PGG)
      Letter Motion to Seal Confidential Plan Documents

Dear Judge Gardephe:

Pursuant to your Honor's Individual Rule II.B, defendants Legg Mason, Inc., Legg Mason & Co., LLC, and Franklin Resources, Inc. (collectively, "Legg Mason") seek to seal two proprietary plan documents that will be filed as attachments to the Declaration of Meaghan VerGow in support of Legg Mason's motion to dismiss the complaint: (1) Exhibit C, the Legg Mason Profit Sharing and 401(k) Plan, and (2) Exhibit D, the Legg Mason & Co., LLC Severance Benefits Plan and Summary Plan Description. These confidential, non-publicized plans include terms of benefits that Legg Mason makes available to employees, and the Court should exercise its discretion to protect Legg Mason from disclosure of these terms to competitors. Plaintiff consents to the filing of this letter motion and defers to the Court on its decision.

District courts have inherent power to seal documents upon a showing of good cause, *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 827 (2d Cir. 1997), and retain "considerable discretion in determining whether good cause exists to overcome the presumption of open access," *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *see also In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (recognizing that the presumption in favor of public access to judicial records is not absolute). In assessing whether there is cause to grant a motion to seal, "the court must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted).

Such considerations include "the privacy interests of those resisting disclosure," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the interest in protecting "sources of business information that might harm a litigant's competitive standing," *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing "proprietary material concerning … marketing strategies, product development, costs and budgeting"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (finding "defendants' assertion that its competitors … could use [information in documents] to do competitive injury to the defendants … a sufficient basis to grant defendants' motion to seal").

     Courts regularly seal plan documents in lawsuits alleging ERISA claims. *See, e.g.*, *Komarnisky v. CIGNA Healthcare of Ariz.*, 2021 WL 3190725, at *2 (D. Ariz. July 28, 2021) ("Pursuant to the Court's Order, Cigna filed copies of the [ERISA] Plans under seal."); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (sealing collective trust investment plan document because the "CTI Plan is not in the public record and contains sensitive information about the governance, administration, and operation of the BlackRock CTIs"); *Burnett v. AIG Life Ins. Co.*, 2010 WL 235033, at *6 (E.D. Ky. Jan. 14, 2010) (ordering that "the Defendant shall file, under seal, the administrative record that was before the plan administrator, including any relevant plan documents"); *see also Morris v. Healthcare Serv. Corp.*, 2012 WL 71716, at *1 (W.D. Okla. Jan. 10, 2012) ("An administrative record containing the [ERISA] plan documents ... has been filed under seal.").

     As in the above-cited cases permitting parties to seal plan documents, the exhibits Legg Mason seeks to seal here are proprietary documents. They memorialize terms of benefits made available to Legg Mason employees. The documents comprehensively describe the administration of Legg Mason's 401(k) and severance benefits programs and detail the specific benefits offered. These documents are not publicly available and Legg Mason takes steps to maintain their confidentiality. The disclosure of the confidential terms of these benefit plans would give Legg Mason's competitors a competitive edge in designing their own benefit plans and recruiting and retaining employees, harming Legg Mason's "competitive standing." *Warner Commc'ns*, 435 U.S. at 598.

     Plaintiff's claims for benefits under federal and state law hinge on the terms of these and similar plans. Legg Mason refers to certain plan terms—specifically, eligibility provisions and terms reserving interpretive discretion to the plan administrator—to argue that plaintiff's claims should be dismissed. While Legg Mason plans to file its briefing on the motion to dismiss publicly, disclosure of the full suite of benefits available under these plans and their administrative schemes would cause harm to Legg Mason.

Respectfully submitted,

/s/ Meaghan VerGow

Meaghan VerGow

**MEMO ENDORSED:**
Defendants' motion to seal is denied. Defendants have cited no law showing that a Profit Sharing and 401(k) Plan, and Severance Benefits Plan and Summary Plan Description are subject to sealing and meet the requirements of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). They have likewise not demonstrated that plan participants who receive copies of these documents are required to maintain them as confidential.

The Clerk of Court is directed to terminate the motion at Dkt. No. 26.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Dated: February 8, 2023